# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TRANSPORTATION SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREVOST CAR (US) INC., a Canadian corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-08465 KK (MAAx)<br><br>Assigned For All Purposes To Honorable Kenly K. Kato Courtroom 3<br><br>**STIPULATED PROTECTIVE ORDER** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This action involves the negotiation of a contract between the parties worth over $12 million to provide buses for airport shuttle operations at LAX, and further involves commercial transactions and agreements involving third-parties, such as Los Angeles World Airports, 9139249 Canada, Inc. d/b/a Bus.com, and Sharethebus.com, Inc. As such, this matter is likely to involve airport security-sensitive information, trade secrets and other valuable development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution and defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information

DOCUMENT PREPARED
ON RECYCLED PAPER

(including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1   Action: This pending federal lawsuit.

2.2   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" Information or Items:  Extremely sensitive "Confidential Information or Items" the disclosure of which to another Party or Non-Party would create substantial risk of serious harm that could not be avoided by less restrictive means, including not limited to, highly sensitive and competitive technical information, formulations, and specifications for the manufacture and packaging of disinfectant products.

2.9     House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

DOCUMENT PREPARED ON RECYCLED PAPER

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2.16 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

/ / /

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, Section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

a.    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

DOCUMENT PREPARED ON RECYCLED PAPER

1   which documents it would like copied and produced. During the inspection and
2   before the designation, all of the material made available for inspection shall be
3   deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting
4   Party has identified the documents it wants copied and produced, the Producing Party
5   must determine which documents, or portions thereof, qualify for protection under
6   this Order. Then, before producing the specified documents, the Producing Party
7   must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
8   CONFIDENTIAL") to each page that contains Protected Material. If only a portion
9   or portions of the material on a page qualifies for protection, the Producing Party also
10  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings
11  in the margins).

12       b.   For information produced in form other than document and for
13  any other tangible items, that the Producing Party affix in a prominent place on the
14  exterior of the container or containers in which the information is stored the legend
15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions
16  of the information warrants protection, the Producing Party, to the extent practicable,
17  shall identify the protected portion(s).

18       5.3  <u>Use of Protected Material at Depositions</u>. If a Party wishes to divulge
19  Protected Material during a deposition at which one or more persons are present to
20  whom disclosure is not permitted under Section 7, then the following procedures shall
21  be followed:

22       a.   Any questioning of the deponent that relates to any Protected
23  Material shall be conducted with only the following persons entitled to be present:
24  (1) the deponent, who is permitted access to the information under this Order
25  provided that he or she has agreed to be bound by this Order by signing a declaration
26  in the form of Exhibit A; (2) outside counsel representing the deponent and who has
27  executed a declaration in the form of Exhibit A; (3) any designated representative of

DOCUMENT PREPARED
ON RECYCLED PAPER

the Designating Party that produced the Protected Material; (4) any consultant or expert or employee of the Party conducting the deposition, to the extent they are authorized individuals under Section 7, as applicable; (5) outside counsel of record for the Party conducting the deposition; (6) the court reporter or videographer, who has executed a declaration in the form of Exhibit A; (7) any other person authorized to be present by prior order of the Court; (8) any other person authorized to be present by counsel for the Designating Party; and (9) any counsel (or their staff) for a Party, to the extent they are authorized individuals under Section 7, as applicable.

      b.      The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" by the court reporter, and shall not be made part of the public transcript. Designations of transcripts will apply to any corresponding portions of an audio or video recording of the testimony. The confidential portions of the transcript may only be provided to the persons authorized under this Order.

      c.      If documents containing Protected Material are used in deposition, they shall be marked pursuant to Section 5.2 and shall be attached only to the confidential transcript.

      d.      Within thirty (30) days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" any portion of the deposition transcript containing such information. The Party seeking to mark a deposition transcript, or portions of a deposition transcript, as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" after the certified transcript has been prepared shall promptly notify all persons who were present at the deposition of its intent to do so, shall instruct the court reporter to conform the deposition transcript to Sections 5.3(b) and 5.3(c), and shall bear all reasonable costs related thereto.

      e.      A Designating Party may de-designate any portion of the

DOCUMENT PREPARED ON RECYCLED PAPER

deposition transcript that the Party previously had designated as Protected Material, by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to de-designate. The notice shall identify with specificity the portion or portions of the transcript that no longer are designated as Protected Material. The Designating Party shall instruct the court reporter to produce a new certified copy of the deposition transcript that removes any confidentiality designations as appropriate, and shall bear all reasonable costs related thereto.

5.4     <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.     The Court and its personnel;

    e.     Court reporters and their staff;

    f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

    g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and House Counsel of the Receiving Party, to whom it is reasonably necessary to disclose the information for this Action;

      b.      The Receiving Party's officers, directors, and managers, to whom disclosure is reasonably necessary for this Action, upon the Parties' agreement, and following a good faith meet and confer process to provide access to specific documents designated as "Highly Confidential;"

      c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      d.      The Court and its personnel;

      e.      Court reporters and their staff;

      f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

      g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement

discussions, provided the mediator or settlement officer signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

 a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

 b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

 c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

 A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

DOCUMENT PREPARED ON RECYCLED PAPER

CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

DOCUMENT PREPARED ON RECYCLED PAPER

Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**11.    MISCELLANEOUS**

      11.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its   modification by the Court in the future.

      11.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      11.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**12.    FINAL DISPOSITION**

      After the final disposition of this Action, as defined in Section 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

DOCUMENT PREPARED
ON RECYCLED PAPER

1  Receiving Party must submit a written certification to the Producing Party (and, if
2  not the same person or entity, to the Designating Party) by the 60 day deadline that
3  (1) identifies (by category, where appropriate) all the Protected Material that was
4  returned or destroyed and (2) affirms that the Receiving Party has not retained any
5  copies, abstracts, compilations, summaries or any other format reproducing or
6  capturing any of the Protected Material. Notwithstanding this provision, Counsel are
7  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,
8  and hearing transcripts, legal memoranda, correspondence, deposition and trial
9  exhibits, expert reports, attorney work product, and consultant and expert work
10 product, even if such materials contain Protected Material. Any such archival copies
11 that contain or constitute Protected Material remain subject to this Protective Order
12 as set forth in Section 5.

13       Any violation of this Order may be punished by any and all appropriate
14 measures including, without limitation, contempt proceedings and/or monetary
15 sanctions.

16 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

17                              [*Signature Page Follows*]

Respectfully submitted,

Dated: January 31, 2024

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER K. PELHAM
H. JOSEPH DRAPALSKI III
RAYMOND MURO


By  */s/Raymond Muro*
   RAYMOND MURO
   Attorneys for Defendant
   PREVOST CAR (US) INC.


Dated: January 31, 2024

**SNELL & WILMER LLP**
BRETT W. JOHNSON
JEFFREY M. SINGLETARY
CAMERON J. SCHLAGEL


By  */s/Cameron Schlagel*
   CAMERON J. SCHLAGEL
   Attorneys for Plaintiff
   AMERICAN TRANSPORTATION
   SYSTEMS, INC.

- 17 -

STIPULATED PROTECTIVE ORDER
Case No. 2:23-CV-08465 KK (MAAX)

## ATTESTATION REGARDING SIGNATURES

Pursuant to Local Rule 5-4.3.4(a)(2), the undersigned hereby attests that all signatories listed above, and whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: January 31, 2024

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER K. PELHAM
H. JOSEPH DRAPALSKI III
RAYMOND MURO

By  /s/Raymond Muro
   RAYMOND MURO
   Attorneys for Defendant
   PREVOST CAR (US) INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: February 8, 2024

_____
HON. MARIA A. AUDERO
United States Magistrate Judge

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *American Transportation Systems, Inc. v. Prevost Car (US) Inc.*, Case No. 2:23-CV-08465. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____